UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAMERON LEWIS

    *Plaintiff*

VERSUS

ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND

    *Defendant*

NO. 26-1001

JUDGE: SECT.E MAG.4

MAG. JUDGE:

---

## COMPLAINT

---

**NOW INTO COURT** comes the *pro se* Plaintiff, Cameron Lewis, who respectfully avers as follows:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to Americans with Disabilities Act ("ADA"), Americans with Disability Act Amendments Act ("ADAAA") 42 USC § 12101, *et seq*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

2. This court has subject matter jurisdiction pursuant to 28 USC § 1331.

3. Plaintiff, Cameron Lewis ("Lewis"), is a citizen of the United States and a resident of the state of Louisiana.

4. Defendant, the Administrators of the Tulane Educational Fund, doing business as Tulane University ("Tulane"), was at all times relevant hereto doing business in the City of New Orleans and can be served through its agent for service of process.

5. Tulane meets all the requirements for the ADA as it is a university open to the public.

6. Tulane receives federal financial assistance and is therefore subject to Section 504.

7. Lewis was a Tulane student who attended in the Fall of 2025.

8. The events giving rise to this litigation occurred in New Orleans, Louisiana, in the Eastern District of Louisiana. Accordingly, the venue lies in the United States District Court for the Eastern District of Louisiana under 28 USC § 1391 (b).

## STATEMENT OF FACTS

9. Lewis repeats and realleges paragraphs 1-8 above.

10. Lewis was a student enrolled in the Fall of 2025 in the master's degree program.

11. Lewis was diagnosed with Post Traumatic Stress Disorder ("PTSD") and Generalized Anxiety Disorder ("GAD") in 2018. She was later diagnosed with Agoraphobia with Panic Disorder in the summer of 2025.

12. Lewis's PTSD causes recurrent and intrusive flashbacks, hypervigilance, exaggerated startle response, and acute psychological distress when exposed to triggering stimuli, including unfamiliar individuals, close physical proximity to others, or environments perceived as unsafe. In such settings, Plaintiff experiences severe and predictable dissociation, psychomotor agitation, impaired concentration, disrupted cognitive functioning, and an urgent need to escape the environment, which interferes with her ability to remain present and process information.

13. Lewis's GAD causes persistent and elevated anxiety, anticipatory fear, and physiological arousal that interfere with her ability to reliably leave her residence to attend scheduled obligations in public or semi-public environments, including classrooms and campus buildings. This condition also contributes to impaired executive functioning, including difficulty sustaining attention, processing information, and completing sequential tasks.

14. Lewis's Agoraphobia with Panic Disorder causes severe and predictable panic attacks when she is required to leave her residence or remain in public or semi-public environments, including classrooms and campus buildings. When required to do so, Lewis experiences severe and predictable panic attacks, which cause tachycardia, shortness of breath, dizziness, tremors and shaking, psychomotor agitation, and an urgent need to escape the environment. The symptoms substantially limit her ability to leave her residence and safely access public or semi-public environments, including classrooms and campus buildings.

15. These symptoms are consistently triggered by in-person academic environments, including classrooms and lecture halls, where Lewis experiences predictable cognitive disruption, including inability to process verbal instruction, sustain attention, or complete sequential tasks, thereby substantially impairing her from meaningfully accessing and participating in instruction and completing coursework when delivered in-person.

16. Lewis was registered with the Goldman Center for Accommodations as a student with a disability.

17. Tulane approved Lewis for disability accommodation through the Goldman Center.

18. Upon the start of the Fall 2025 semester on August 19, 2025, Lewis requested accommodation from the Goldman Center for remote access to her courses.

19. Without remote access, Lewis could not attend lectures, participate in discussions, or complete assessments due to panic symptoms triggered by in-person attendance.

20. Remote attendance was a modification of the manner in which coursework was delivered and did not alter the essential requirements of Plaintiff's academic program.

21. Lewis was not provided with the accommodation.

22. Because Lewis was not provided with virtual access to classes, she was unable to attend classes, access course instructors, or participate in quizzes and exams, and other core components of her coursework.

23. When Lewis expressed her accessibility concerns to her professors, she was told she should withdraw from her coursework.

24. When Lewis expressed her accessibility concerns to her Tulane case manager, Rachel Robertson, Lewis was again told she should withdraw from the university.

25. When Lewis complained about her accessibility issues to the Goldman Center Director Jessica Machado ("Machado"), Lewis was again told she should withdraw from the university.

26. On September 30, 2025, Lewis was contacted by Machado through University email regarding an update on her remote attendance accommodation request. Machado indicated that Tulane would move forward with allowing Lewis's accommodation for remote participation.

27. However, the accommodation was not implemented for the Fall 2025 semester.

28. Lewis's accommodation was approved after the timeframe allotted for students to withdraw without penalty.

29. Lewis was advised by her course instructors that implementing her accommodation was futile because she had been unable to access classes or participate in course components for more than half the semester.

30. On October 22, 2026, Lewis withdrew from her coursework—losing her tuition payments and altering her graduation trajectory—because she was unable to attend classes or participate in coursework without accommodation for remote attendance.

4

## COUNT I

### Disability Discrimination (Americans with Disabilities Act, Americans with Disabilities Act Amendment Act, and Section 504 of the Rehabilitation Act)

31. Lewis repeats and realleges paragraphs 1-30 above.

32. Plaintiff is a qualified individual with a disability within the meaning of the ADA and Section 504.

33. Defendant is subject to the ADA and receives federal financial assistance and is therefore subject to Section 504.

34. Plaintiff was otherwise qualified to participate in Defendant's academic programs, with or without reasonable accommodations.

35. Tulane was aware of Lewis's disabilities and regarded Lewis as disabled.

36. Lewis requested accommodation, virtual classes.

37. This accommodation would not have imposed undue hardship on Tulane and would have been effective.

38. Lewis was not provided with this accommodation.

39. As a result, Plaintiff was denied meaningful access to Defendant's educational programs.

40. Defendant failed to provide the reasonable accommodations necessary to afford Lewis equal access to its programs and services.

41. As a direct and proximate result of Tulane's wrongful acts and omissions, through its employees, agents, and representatives, Lewis has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of enjoyment of life.

42. Defendant's conduct constitutes discrimination on the basis of disability in violation of the ADA and Section 504.

43. Defendant acted with deliberate indifference to Plaintiff's federally protected rights.

## COUNT II

### Retaliation (Americans with Disabilities Act, Americans with Disabilities Act Amendment Act, and Section 504 of the Rehabilitation Act)

44. Plaintiff repeats and realleges paragraphs 1-43 above.

45. Plaintiff engaged in protected activity by requesting disability accommodations and complaining of disability discrimination.

46. After Plaintiff reported her complaints about her inability to access her classes to Goldman Center Director Jessica Machado, her case manager Rachel Robertson, and her professors, she was directed to withdraw from her courses and program.

47. Plaintiff was subject to an adverse action by being instructed to withdraw from classes, losing her tuition payments, and being unable to complete the semester.

48. The repeated advisements to withdraw constituted materially adverse actions because they would dissuade a reasonable student with a disability from seeking accommodation or asserting disability rights.

49. The temporal proximity of the protected activity and subsequent adverse action supports a reasonable inference of a causal connection and retaliation.

50. Defendant's actions constitute unlawful retaliation under the ADA and Section 504.

### JURY DEMAND

51. Lewis demands a trial by jury on all issues triable by a jury.

### DAMAGES AND PRAYER FOR RELIEF

WHEREFORE. Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

A. **Declaratory Relief.** Declare that Defendant violated:

    a. ADA by discriminating against Plaintiff on the basis of disability, including by failing to provide reasonable accommodations

    b. ADA by retaliating against Plaintiff for engaging in protected activity;

    c. Section 504 by discriminating against Plaintiff on the basis of disability, failing to provide reasonable accommodation, and retaliating against Plaintiff for engaging in protected activity;

**B. Injunctive Relief.** Order the Defendant to:

    a. Cease and desist from discriminatory and retaliatory practices;

    b. Provide reasonable accommodations necessary to ensure Plaintiff has equal access to its programs and services;

    c. Implement policies, training, and oversight sufficient to prevent future discrimination and retaliation;

**C. Damages and Additional Relief.** Award Plaintiff:

    a. Compensatory damages for mental anguish and emotional distress, humiliation and embarrassment, loss of enjoyment of life, and suffering;

    b. Reasonable attorney's fees and costs, and all costs associated with litigation, with interest from the date of judicial demand;

    c. Such other and further relief as this Court deems just and proper.

Dated: May 8, 2026

New Orleans, Louisiana

Respectfully,

Cameron Lewis

Signed: _Cameron Lewis_

7