**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAMERON LEWIS** | * | **CIVIL ACTION NO. 2:26-cv-01001** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE SUSIE MORGAN** |
| **THE ADMINISTRATORS OF THE** | * | |
| **TULANE EDUCATIONAL FUND** | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |
| | * | |
| | * | |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, The Administrators of the Tulane Educational Fund, [hereinafter "Tulane" or "Defendant"], who, in response to Plaintiff's First Amended Complaint ("Amended Complaint") respectfully answers as follows:

## NATURE OF THE ACTION

1.

Paragraph 1 of the Amended Complaint is a statement of statutory authority that does not require a response by Defendant. To the extent a response is deemed necessary, Tulane admits that Plaintiff purports to bring claims under the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA"), and Section 504 of the Rehabilitation Act of 1973 ("504"). Defendant denies any remaining allegations of Paragraph 1 of the Amended Complaint and asserts that the cited statues speak for themselves.

## PARTIES

2.

Tulane admits, upon information and belief, that Plaintiff is an adult citizen of the United States and a resident of Louisiana.

-

3.

Tulane admits the allegations of Paragraph 3 of the Amended Complaint.

4.

Tulane admits the allegations of Paragraph 4 of the Amended Complaint.

5.

In response to the allegation of Paragraph 5 of the Amended Complaint, Tulane admits that Plaintiff was enrolled as a Tulane student during part of 2025. Tulane denies any remaining allegations of Paragraph 5 as written.

## JURISDICTION AND VENUE

6.

Except to state that Tulane operates a private university in New Orleans, the remaining allegations of Paragraph 6 of the Amended Complaint constitutes a legal conclusion for which no response by Tulane is required. To the extent a response is deemed necessary, Tulane denies the allegations of Paragraph 6 of the Amended Complaint as written.

7.

Paragraph 7 of the Amended Complaint constitutes a legal conclusion for which no response by Tulane is required. To the extent a response is deemed necessary, Tulane admits that it receives certain forms of federal financial assistance for specific programs and activities and that, to the extent and in the manner provided by law, Section 504 may apply. Defendant denies any remaining allegations of Paragraph 7 of the Amended Complaint.

8.

Tulane admits that this Court has subject matter jurisdiction.

9.

Paragraph 9 of the Amended Complaint constitutes a legal conclusion regarding jurisdiction for which no response by Tulane is required. To the extent a response is required, Tulane admits only that the Court may exercise supplemental jurisdiction over Plaintiff's state-law claim and denies that Plaintiff states any valid claim.

10.

Paragraph 10 of the Amended Complaint constitutes a legal conclusion regarding personal jurisdiction to which no response is required. To the extent a response is required, Tulane does not contest personal jurisdiction for purposes of this action only.

11.

Paragraph 11 of the Amended Complaint constitutes a legal conclusion regarding venue to which no response is required. To the extent a response is required, Tulane does not contest that venue lies in this District for purposes of this action only and denies the remaining allegations.

## STATEMENT OF FACTS

12.

Tulane incorporates its responses to Paragraphs 1-11 of the Amended Complaint as though fully set forth herein.

13.

In response to Paragraph 13 of the Amended Complaint, Tulane admits that Plaintiff was enrolled as a Tulane student in the fall of 2025.

14.

Tulane denies the allegations of Paragraph 14 of the Amended Complaint for lack of information sufficient to justify a belief herein.

15.

Tulane denies the allegations of Paragraph 15 of the Amended Complaint for lack of information sufficient to justify a belief herein.

16.

Tulane denies the allegations of Paragraph 16 of the Amended Complaint for lack of information sufficient to justify a belief herein.

17.

Tulane denies the allegations of Paragraph 17 of the Amended Complaint for lack of information sufficient to justify a belief herein.

18.

Tulane denies the allegations of Paragraph 18 of the Amended Complaint for lack of information sufficient to justify a belief herein.

19.

In response to the allegations of Paragraph 19 of the Amended Complaint, Tulane admits that Plaintiff registered with the Goldman Center for Student Accessibility while a student at Tulane. Tulane denies any remaining allegations of Paragraph 19 as written.

20.

Tulane admits that Plaintiff had been registered with the Goldman Center for Student Accessibility since 2019.

21.

In response to the allegations of Paragraph 21 of the Amended Complaint, Tulane admits that Plaintiff had, at certain times, been approved to receive certain accommodations through the

Goldman Center. Except as specifically admitted, Tulane denies any remaining allegations in paragraph 21.

22.

Tulane denies the allegations of Paragraph 22 of the Amended Complaint for lack of information sufficient to justify a belief herein.

23.

In response to the allegations of Paragraph 23 of the Amended Complaint, Tulane admits that Plaintiff requested accommodations. Except as specifically admitted, Tulane denies any remaining allegations of Paragraph 23 as written.

24.

Tulane admits the allegations of Paragraph 24 of the Amended Complaint.

25.

Tulane admits the allegations of Paragraph 25 of the Amended Complaint.

26.

In response to the allegations of Paragraph 26 of the Amended Complaint, Tulane admits that Plaintiff requested remote access to certain courses through the Goldman Center for Student Accessibility and further avers that the referenced email is the best evidence of its contents. Tulane denies any remaining allegations of Paragraph 26 of the Amended Complaint as written.

27.

Tulane admits the allegations of Paragraph 27 of the Amended Complaint.

28.

Tulane admits the allegations of Paragraph 28 of the Amended Complaint.

29.

In response to Paragraph 29 of the Amended Complaint, Tulane admits that Plaintiff requested remote access to certain courses through the Goldman Center for Student Accessibility. Tulane denies any remaining allegations of Paragraph 29 of the Amended Complaint for lack of information sufficient to justify a belief herein.

30.

Tulane admits the allegations of Paragraph 30 of the Amended Complaint.

31.

In response to the allegation of Paragraph 31, Tulane admits that Plaintiff submitted a letter through the Goldman Center Portal on August 22, 2025 and further avers that the referenced letter is the best evidence of its contents. Tulane denies any remaining allegations of Paragraph 31 of the Amended Complaint as written.

32.

Tulane denies the allegations of Paragraph 32 of the Amended Complaint as written and further avers that the referenced documentation is the best evidence of its contents.

33.

Tulane denies the allegations of Paragraph 33 of the Amended Complaint as written.

34.

Tulane denies the allegations of Paragraph 34 of the Amended Complaint as written.

35.

Tulane denies the allegations of Paragraph 35 of the Amended Complaint as written.

36.

Tulane denies the allegations of Paragraph 36 of the Amended Complaint for lack of information sufficient to justify a belief herein.

37.

Tulane denies the allegations of Paragraph 37 of the Amended Complaint for lack of information sufficient to justify a belief herein.

38.

Tulane denies the allegations of Paragraph 38 of the Amended Complaint for lack of information sufficient to justify a belief herein.

39.

Tulane denies the allegations of Paragraph 39 of the Amended Complaint as written.

40.

Tulane denies the allegations of Paragraph 40 of the Amended Complaint for lack of information sufficient to justify a belief herein.

41.

Tulane denies the allegations of Paragraph 41 of the Amended Complaint for lack of information sufficient to justify a belief herein.

42.

Tulane denies the allegations of Paragraph 42 of the Amended Complaint for lack of information sufficient to justify a belief herein.

43.

Tulane denies the allegations of Paragraph 43 of the Amended Complaint for lack of information sufficient to justify a belief herein.

44.

Tulane denies the allegations of Paragraph 44 of the Amended Complaint for lack of information sufficient to justify a belief herein.

45.

Tulane denies the allegations of Paragraph 45 of the Amended Complaint for lack of information sufficient to justify a belief herein.

46.

Tulane denies the allegations of Paragraph 46 of the Amended Complaint as written.

47.

Tulane denies the allegations of Paragraph 47 of the Amended Complaint as written.

48.

Tulane denies the allegations of Paragraph 48 of the Amended Complaint.

49.

In response to the allegations of Paragraph 49 of the Amended Complaint, Tulane admits that students may seek assistance through Case Management. Tulane denies the remaining allegations of Paragraph 49 of the Amended Complaint as written and further avers that the referenced materials are the best evidence of its contents.

50.

In response to the allegations of Paragraph 50 of the Amended Complaint, Tulane admits that students may seek assistance through Case Management. Tulane denies the remaining allegations of Paragraph 50 of the Amended Complaint as written and further avers that the referenced materials are the best evidence of its contents.

51.

Tulane denies the allegations of Paragraph 51 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

52.

Tulane denies the allegations of Paragraph 52 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

53.

Tulane admits the allegations of Paragraph 53 of the Amended Complaint.

54.

Tulane denies the allegations of Paragraph 54 of the Amended Complaint as written.

55.

Tulane denies the allegations of Paragraph 55 of the Amended Complaint as written.

56.

Tulane admits the allegations of Paragraph 56 of the Amended Complaint.

57.

In response to the allegations of Paragraph 57 of the Amended Complaint, Tulane admits that Plaintiff provided medical documentation. Tulane denies the remaining allegations of Paragraph 57 of the Amended Complaint as written.

58.

Tulane denies allegations of Paragraph 58 of the Amended Complaint as written and further avers that the referenced materials are the best evidence of its contents.

59.

Tulane denies the allegations of Paragraph 59 of the Amended Complaint as written and further avers that the referenced materials are the best evidence of its contents.

60.

Tulane denies the allegations of Paragraph 60 of the Amended Complaint as written and further avers that the referenced materials are the best evidence of its contents.

61.

Tulane denies the allegations of Paragraph 61 of the Amended Complaint as written.

62.

Tulane denies the allegations of Paragraph 62 of the Amended Complaint as written.

63.

The allegations of Paragraph 63 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

64.

The allegations of Paragraph 64 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

65.

The allegations of Paragraph 65 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

66.

The allegations of Paragraph 66 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

67.

Tulane admits the allegations of Paragraph 67 of the Amended Complaint.

68.

Tulane denies the allegations of Paragraph 68 of the Amended Complaint as written.

69.

Other than to admit that Plaintiff met with Goldman Center Director Machado on or about September 17, 2025, Tulane denies the remaining allegations of Paragraph 69 of the Amended Complaint as written.

70.

Tulane admits the allegations of Paragraph 70 of the Amended Complaint.

71.

Tulane admits the allegations of Paragraph 71 of the Amended Complaint.

72.

The allegations of Paragraph 72 of the Amended Complaint are denied as written and/or lack of information sufficient to justify a belief herein.

73.

Tulane denies the allegations of Paragraph 73 of the Amended Complaint.

74.

Tulane admits the allegations of Paragraph 74 of the Amended Complaint.

75.

Tulane denies the allegations of Paragraph 75 of the Amended Complaint.

76.

Tulane denies the allegations of Paragraph 76 of the Amended Complaint as written.

77.

The allegations of Paragraph 77 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

78.

The allegations of Paragraph 78 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

79.

The allegations of Paragraph 79 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

80.

The allegations of Paragraph 80 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

81.

Tulane denies the allegations of Paragraph 81 of the Amended Complaint as written.

82.

The allegations of Paragraph 82 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

83.

Tulane denies the allegations of Paragraph 83 of the Amended Complaint.

84.

The allegations of Paragraph 84 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

85.

Tulane denies the allegations of Paragraph 85 of the Amended Complaint.

86.

Tulane denies the allegations of Paragraph 86 of the Amended Complaint.

87.

Tulane denies the allegations of Paragraph 87 of the Amended Complaint.

88.

Tulane admits the allegations of Paragraph 88 of the Amended Complaint and further avers that the referenced materials are the best evidence of its contents.

89.

Tulane denies the allegations of Paragraph 89 of the Amended Complaint as written.

90.

Tulane denies the allegations of Paragraph 90 of the Amended Complaint as written.

91.

Tulane denies the allegations of Paragraph 91 of the Amended Complaint as written.

92.

Tulane denies the allegations of Paragraph 92 of the Amended Complaint as written.

93.

Tulane denies the allegations of Paragraph 93 of the Amended Complaint as written.

94.

Tulane denies the allegations of Paragraph 94 of the Amended Complaint as written.

95.

Tulane denies the allegations of Paragraph 95 of the Amended Complaint as written.

96.

Tulane admits the allegations of Paragraph 96 of the Amended Complaint and further avers that the referenced materials are the best evidence of its contents.

97.

Tulane denies allegations of Paragraph 97 of the Amended Complaint as written.

98.

Tulane denies the allegations of Paragraph 98 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

99.

Tulane denies the allegations of Paragraph 99 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

100.

Tulane denies the allegations of Paragraph 100 of the Amended Complaint as written and/or lack of information sufficient to justify a belief herein.

101.

Tulane denies the allegations of Paragraph 101 of the Amended Complaint as written.

102.

Tulane denies the allegations of Paragraph 102 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

103.

Tulane denies the allegations of Paragraph 103 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

104.

Tulane denies the allegations of Paragraph 104 of the Amended Complaint as written.

105.

Tulane denies the allegations of Paragraph 105 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

106.

Tulane denies the allegations of Paragraph 106 of the Amended Complaint as written.

107.

Tulane denies the allegations of Paragraph 107 of the Amended Complaint.

108.

Tulane admits the allegations of Paragraph 108 of the Amended Complaint.

109.

Tulane admits the allegations of Paragraph 109 of the Amended Complaint.

110.

Tulane denies the allegations of Paragraph 110 of the Amended Complaint as written.

111.

Tulane denies the allegations of Paragraph 111 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

112.

Tulane denies the allegations of Paragraph 112 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

113.

Tulane denies the allegations of Paragraph 113 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

114.

Tulane denies the allegations of Paragraph 114 of the Amended Complaint as written.

115.

Tulane denies the allegations of Paragraph 115 of the Amended Complaint as written.

116.

Tulane denies the allegations of Paragraph 116 of the Amended Complaint as written.

117.

Tulane denies the allegations of Paragraph 117 of the Amended Complaint as written.

118.

Tulane admits the allegation of Paragraph 118.

119.

Tulane denies the allegations of Paragraph 119 of the Amended Complaint as written and further avers that the referenced email is the best evidence of its contents.

120.

Tulane admits the allegation of Paragraph 120.

121.

Tulane denies the allegations of Paragraph 121 of the Amended Complaint as written.

122.

Tulane denies the allegations of Paragraph 122 of the Amended Complaint.

123.

Tulane denies the allegations of Paragraph 123 of the Amended Complaint as written.

124.

Tulane denies the allegations of Paragraph 124 of the Amended Complaint as written.

125.

The allegations of Paragraph 125 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

126.

The allegations of Paragraph 126 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

127.

The allegations of Paragraph 127 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

128.

The allegations of Paragraph 128 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

129.

Tulane admits the allegations of paragraph 129.

130.

Tulane denies the allegations of Paragraph 130 of the Amended Complaint as written.

131.

The allegations of Paragraph 131 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

132.

In response to the allegations of Paragraph 132, Tulane states that Plaintiff withdrew from one of her courses on or about September 29, 2025. Except as specifically admitted, the allegations of Paragraph 132 of the Amended Complaint are denied as written.

133.

The allegations of Paragraph 133 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

134.

The allegations of Paragraph 134 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

135.

Tulane denies the allegations of Paragraph 135 of the Amended Complaint.

136.

The allegations of Paragraph 136 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

137.

The allegations of Paragraph 137 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

138.

In response to the allegations of Paragraph 138, Tulane states that Plaintiff withdrew from one of her courses on or about October 2, 2025. Except as specifically admitted, the allegations of Paragraph 138 of the Amended Complaint are denied as written.

139.

Tulane denies the allegations of Paragraph 139 of the Amended Complaint as written.

140.

Tulane denies the allegations of Paragraph 140 of the Amended Complaint as written.

141.

The allegations of Paragraph 141 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

142.

The allegations of Paragraph 142 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

143.

Tulane admits that Plaintiff submitted a Tulane Medical Withdrawal petition on or around October 22, 2025.

144.

Tulane denies the allegations of Paragraph 144 of the Amended Complaint as written and Tulane further avers that the referenced document is the best evidence of its contents.

145.

Tulane denies the allegations of Paragraph 145 of the Amended Complaint as written and Tulane further avers that the referenced document is the best evidence of its contents.

146.

The allegations of Paragraph 146 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

147.

Tulane denies the allegations of Paragraph 147 of the Amended Complaint as written.

148.

Tulane denies the allegations of Paragraph 148 of the Amended Complaint as written.

149.

Tulane denies the allegations of Paragraph 149 of the Amended Complaint as written.

150.

Tulane denies the allegations of Paragraph 150 of the Amended Complaint as written.

151.

Tulane denies the allegations of Paragraph 151 of the Amended Complaint as written.

152.

The allegations of Paragraph 152 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

153.

The allegations of Paragraph 153 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

154.

The allegations of Paragraph 154 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

155.

The allegations of Paragraph 155 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

156.

The allegations of Paragraph 156 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

157.

The allegations of Paragraph 157 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

158.

Tulane denies the allegations of Paragraph 158 of the Amended Complaint as written.

159.

Tulane denies the allegations of Paragraph 159 of the Amended Complaint as written.

160.

The allegations of Paragraph 160 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

161.

The allegations of Paragraph 161 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

162.

Tulane denies the allegations of Paragraph 162 of the Amended Complaint as written.

163.

Tulane denies the allegations of Paragraph 163 of the Amended Complaint as written.

164.

Tulane denies the allegations of Paragraph 164 of the Amended Complaint as written.

165.

The allegations of Paragraph 165 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

166.

The allegations of Paragraph 166 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

167.

Tulane denies the allegations of Paragraph 167 of the Amended Complaint as written.

168.

Tulane denies the allegations of Paragraph 168 of the Amended Complaint as written.

169.

The allegations of Paragraph 169 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

170.

The allegations of Paragraph 170 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

171.

Tulane denies the allegations of Paragraph 171 of the Amended Complaint.

172.

Tulane denies the allegations of Paragraph 172 of the Amended Complaint.

173.

Tulane denies the allegations of Paragraph 173 of the Amended Complaint as written.

174.

Tulane denies the allegations of Paragraph 174 of the Amended Complaint as written.

**COUNT 1**
**Failure to Accommodate, Delayed Accommodation, and Disability Discrimination (Americans with Disabilities Act, Americans with Disabilities Act Amendments Act, and Section 504 of the Rehabilitation Act)**

175.

Tulane incorporates its responses to Paragraphs 1-174 of the Amended Complaint as though fully set forth herein.

176.

Except to state that Tulane operates a private university in New Orleans, the remaining allegations of Paragraph 176 of the Amended Complaint constitutes a legal conclusion for which no response by Tulane is required. To the extent a response is deemed necessary, Tulane denies the allegations of Paragraph 176 of the Amended Complaint as written.

177.

In response to the allegations of Paragraph 177 of the Amended Complaint, Tulane admits that certain ADA provisions and Section 504 may apply in the manner and to the extent provided by law but denies any remaining allegations of Paragraph 177 as written.

178.

The allegations of Paragraph 178 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

179.

The allegations of Paragraph 179 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, the allegations of Paragraph 179 of the Amended Complaint are denied as written and for lack of information sufficient to justify a belief herein.

180.

The allegations of Paragraph 180 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, the allegations of Paragraph 180 of the Amended Complaint are denied as written.

181.

The allegations of Paragraph 181 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, Tulane denies the allegations of Paragraph 181 of the Amended Complaint as written.

182.

The allegations of Paragraph 182 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, Tulane denies the allegations of Paragraph 182 of the Amended Complaint as written.

183.

The allegations of Paragraph 183 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, the allegations of Paragraph 183 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

184.

Tulane admits the allegations of Paragraph 184 of the Amended Complaint.

185.

Tulane denies the allegations of Paragraph 185 of the Amended Complaint as written.

186.

Tulane denies the allegations of Paragraph 186 of the Amended Complaint as written.

187.

Tulane denies the allegations of Paragraph 187 of the Amended Complaint as written.

188.

The allegations of Paragraph 188 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

189.

Tulane denies the allegations of Paragraph 189 of the Amended Complaint as written.

190.

Tulane denies the allegations of Paragraph 190 of the Amended Complaint as written.

191.

Tulane denies the allegations of Paragraph 191 of the Amended Complaint as written.

192.

Tulane admits the allegations of Paragraph 192 of the Amended Complaint.

193.

Tulane denies the allegations of Paragraph 193 of the Amended Complaint as written.

194.

Tulane denies the allegations of Paragraph 194 of the Amended Complaint.

195.

Tulane denies the allegations of Paragraph 195 of the Amended Complaint as written.

196.

Tulane denies the allegations of Paragraph 196 of the Amended Complaint as written.

197.

Tulane denies the allegations of Paragraph 197 of the Amended Complaint as written.

198.

Tulane denies the allegations of Paragraph 198 of the Amended Complaint as written.

199.

Tulane denies the allegations of Paragraph 199 of the Amended Complaint as written.

200.

Tulane denies the allegations of Paragraph 200 of the Amended Complaint.

201.

Tulane denies the allegations of Paragraph 201 of the Amended Complaint as written.

202.

Tulane denies the allegations of Paragraph 202 of the Amended Complaint as written.

203.

Tulane denies the allegations of Paragraph 203 of the Amended Complaint.

204.

Tulane denies the allegations of Paragraph 204 of the Amended Complaint.

205.

Tulane denies the allegations of Paragraph 205 of the Amended Complaint.

206.

Tulane denies the allegations of Paragraph 206 of the Amended Complaint.

207.

Tulane denies the allegations of Paragraph 207 of the Amended Complaint.

208.

Tulane denies the allegations of Paragraph 208 of the Amended Complaint.

209.

Tulane denies the allegations of Paragraph 209 of the Amended Complaint.

210.

Tulane denies the allegations of Paragraph 210 of the Amended Complaint.

211.

The allegations of Paragraph 211 of the Amended Complaint are denied for lack of information sufficient to justify a belief herein.

212.

Tulane denies the allegations of Paragraph 212 of the Amended Complaint.

213.

Tulane denies the allegations of Paragraph 213 of the Amended Complaint.

214.

Tulane denies the allegations of Paragraph 214 of the Amended Complaint.

215.

Tulane denies the allegations of Paragraph 215 of the Amended Complaint.

216.

Tulane denies the allegations of Paragraph 216 of the Amended Complaint.

217.

Tulane denies the allegations of Paragraph 217 of the Amended Complaint.

218.

Tulane denies the allegations of Paragraph 218 of the Amended Complaint.

219.

Tulane denies the allegations of Paragraph 219 of the Amended Complaint.

220.

Tulane denies the allegations of Paragraph 220 of the Amended Complaint.

221.

Tulane denies the allegations of Paragraph 221 of the Amended Complaint.

222.

Tulane denies the allegations of Paragraph 222 of the Amended Complaint.

223.

Tulane denies the allegations of Paragraph 223 of the Amended Complaint.

## COUNT II
## Retaliation (Americans with Disabilities Act Amendment Act, and Section 504 of the Rehabilitation Act)

224.

Tulane incorporates its responses to Paragraphs 1-223 of the Amended Complaint as though fully set forth herein.

225.

The allegations of Paragraph 225 of the Amended Complaint are a legal conclusion which require no response. To the extent a response is required, Tulane denies the allegations of Paragraph 225 of the Amended Complaint as written.

226.

Tulane denies the allegations of Paragraph 226 of the Amended Complaint.

227.

Tulane denies the allegations of Paragraph 227 of the Amended Complaint.

228.

Tulane denies the allegations of Paragraph 228 of the Amended Complaint.

229.

Tulane denies the allegations of Paragraph 229 of the Amended Complaint.

230.

Tulane denies the allegations of Paragraph 230 of the Amended Complaint.

231.

Tulane denies the allegations of Paragraph 231 of the Amended Complaint.

232.

Tulane denies the allegations of Paragraph 232 of the Amended Complaint.

233.

Tulane denies the allegations of Paragraph 233 of the Amended Complaint.

234.

Tulane denies the allegations of Paragraph 234 of the Amended Complaint.

235.

Tulane denies the allegations of Paragraph 235 of the Amended Complaint.

236.

Tulane denies the allegations of Paragraph 236 of the Amended Complaint.

237.

Tulane denies the allegations of Paragraph 237 of the Amended Complaint.

238.

Tulane denies the allegations of Paragraph 238 of the Amended Complaint.

239.

Tulane denies the allegations of Paragraph 239 of the Amended Complaint.

240.

Tulane denies the allegations of Paragraph 240 of the Amended Complaint.

241.

Tulane denies the allegations of Paragraph 241 of the Amended Complaint.

**COUNT III**
**Breach of Contract (Pendent State Law Claim)**

242.

Tulane incorporates its responses to Paragraphs 1-241 of the Amended Complaint as though fully set forth herein.

243.

Paragraph 243 of the Amended Complaint is a legal conclusion and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 243 of the Amended Complaint as written.

244.

Paragraph 244 of the Amended Complaint cites a statute and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 244 of the Amended Complaint as written and Tulane further avers that La. Civ. code Art. 1906 is the best evidence of its terms.

245.

Paragraph 245 of the Amended Complaint cites a statute and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 245 of the Amended Complaint as written and Tulane further avers that La. Civ. Code Art. 1927 is the best evidence of its terms.

246.

Paragraph 246 of the Amended Complaint cites a statute and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 246 of the Amended Complaint as written and Tulane further avers that La. Civ. Code Art. 1983 is the best evidence of its terms.

247.

Paragraph 247 of the Amended Complaint cites to Louisiana case law and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 247 of the Amended Complaint as written and further avers that the case law cited is the best evidence of its contents.

248.

Paragraph 248 of the Amended Complaint cites to Louisiana case law and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 248 of the Amended Complaint as written and further avers that the case law cited is the best evidence of its contents.

249.

Paragraph 249 of the Amended Complaint cites to Louisiana case law and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 249 of the Amended Complaint as written and further avers that the case law cited is the best evidence of its contents.

250.

Paragraph 250 of the Amended Complaint cites to Louisiana case law and does not require a response by Tulane. To the extent a response is required, Tulane denies the allegations of

Paragraph 250 of the Amended Complaint as written and further avers that the case law cited is the best evidence of its contents.

***Agreements, Representations, Covenants, and Warranties Between Plaintiff and Tulane***

251.

Tulane denies the allegations of Paragraph 251 of the Amended Complaint as written.

252.

Tulane denies the allegations of Paragraph 252 of the Amended Complaint as written.

253.

Tulane denies the allegations of Paragraph 253 of the Amended Complaint as written.

254.

Tulane denies the allegations of Paragraph 254 of the Amended Complaint as written.

255.

Tulane denies the allegations of Paragraph 255 of the Amended Complaint as written.

256.

Tulane denies the allegations of Paragraph 256 of the Amended Complaint as written and further states that the referenced documents are the best evidence of its contents.

257.

Tulane denies the allegations of Paragraph 257 of the Amended Complaint as written and further states that the referenced documents are the best evidence of its contents.

258.

Tulane denies the allegations of Paragraph 258 of the Amended Complaint as written.

259.

Tulane denies the allegations of Paragraph 259 of the Amended Complaint as written.

260.

Tulane denies the allegations of Paragraph 260 of the Amended Complaint, including subparts a through f.

261.

Paragraph 261 of the Amended Complaint cites statutes that require no response from Tulane. To the extent a response is required, Tulane denies the allegations of Paragraph 261 of the Amended Complaint as written and Tulane further avers that La. Civ. Code Art. 1994 and 1995 are the best evidence of its terms.

262.

Tulane denies the allegations of Paragraph 262 of the Amended Complaint.

**PRAYER FOR RELIEF**

With respect to the allegations to the unnumbered paragraph titled "PRAYER FOR RELIEF," including all of its subparagraphs and their subparagraphs, Tulane denies all liability asserted by Plaintiff, and further denies that Plaintiff is entitled to any part of the relief sought in the paragraph or elsewhere in the Amended Complaint.

**DEMAND FOR JURY TRIAL**

The final unnumbered paragraph of the Amended Complaint pertains to Plaintiff's jury demand and requires no response by Tulane.

**AFFIRMATIVE DEFENSES**

Tulane asserts the following affirmative defenses to the claims set forth in Plaintiff's Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint fail to state any claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Tulane engaged in the interactive process in good faith and approved the accommodation Plaintiff requested.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Tulane did not deny her requested accommodation. Any alleged delay in processing the request did not constitute a denial of a reasonable accommodation, was caused by Plaintiff, and/or standing alone, is not actionable under the ADA or Section 504.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not a “qualified individual” (Title II/III) or “otherwise qualified” (Section 504) to participate in all aspects of Tulane’s programs, with or without reasonable accommodation, at the relevant times.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sought any accommodation beyond which Tulane provided, such accommodation would have required a fundamental alteration of Tulane’s academic program or imposed an undue burden, and Tulane is entitled to deference in its academic judgments.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff demanded remote delivery across courses or on timelines that could not be operationalized, such requests would have imposed undue administrative and academic burdens.

**SEVENTH AFFIRMATIVE DEFENSE**

Any delay in the accommodation process resulted from Plaintiff's own failure to timely provide sufficient documentation or otherwise cooperate in the interactive process.

**EIGHTH AFFIRMATIVE DEFENSE**

Tulane engaged in a good-faith interactive process through the Goldman Center and faculty and any timing or course-specific implementation issues were not the product of intentional discrimination or deliberate indifference.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff’s alleged injuries, including voluntary withdrawal and any purported losses, were not caused by any act or omission of Tulane but by factors including Plaintiff’s choices and/or intervening or superseding causes.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages, if any, including by choosing to voluntarily withdraw, not utilizing available academic options, timelines, her granted accommodations, or University processes.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing for injunctive relief, including prospective relief, because there is no imminent, non-speculative threat of future injury, and/or because any issues have been addressed, resolved, or are not ongoing.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred, in whole or in part, by applicable statutes of limitations, prescription, and/or laches to the extent any alleged acts fall outside the allowable period.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust or comply with applicable internal procedures or grievance processes to the extent required or relevant, thereby barring or limiting claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot show that she suffered a materially adverse action caused by protected activity and any communications concerning accommodations or withdrawal were informational and not retaliatory or coercive.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred by the doctrines of waiver and/or estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused in whole or in part by her own acts and omissions, and not by any act or omission of Tulane.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's breach-of-contract claim fails Plaintiff has not identified any specific promise that was breached, and because Tulane performed any obligations owed to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any alleged damages claimed by Plaintiff should be set-off by amounts if any owed by Plaintiff to Tulane.

**NINETEENTH AFFIRMATIVE DEFENSE**

Tulane reserves the right to assert additional affirmative and other defenses as they become known through discovery or otherwise.

WHEREFORE, having fully answered the Amended Complaint, Tulane denies that Plaintiff is entitled to any relief requested in the Amended Complaint and further demands

judgment against Plaintiff dismissing the Amended Complaint with prejudice and awarding costs of suit, and such other relief as the Court deems just and necessary.

Respectfully submitted,

*/s/ Valerie M. Andrews*

Amy L. McIntire, Bar No. 35241
Valerie M. Andrews, Bar No. 39466
of
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6054
Email: mcintire@chaffe.com
valerie.andrews@chaffe.com

***ATTORNEYS FOR THE DEFENDANT***